IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SECURITYPROFILING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TREND MICRO AMERICA, INC. AND TREND MICRO INCORPORATED,<br><br>Defendants. | Civil Action No. 6:16-cv-01165-RWS-JDL |

**PLAINTIFF SECURITYPROFILING'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION ON
MOTION TO DISMISS AND STRIKE (DKT. 55)**

Plaintiff SecurityProfiling, LLC ("SecurityProfiling") hereby responds to Dkt. 55, the Objections of Defendants Trend Micro America, Inc. and Trend Micro, Inc. ("Trend Micro") to portions of Magistrate Judge Love's March 21, 2017 Report and Recommendation granting in part Plaintiff's Motion to Dismiss and Strike ("Report") (Dkt. 52). The Court's findings as detailed in the Report are correct. Defendants' objections are meritless.

I.  **Summary of Response**

Trend Micro filed counterclaims and affirmative defenses that lacked any specifics, and were so broad that it is impossible for the Court and SecurityProfiling to know what claims and defenses Trend Micro was intending to raise. This Court and its sister Courts have repeatedly held that such generic counterclaims should be dismissed pursuant to Fed. R Civ. P. Rule 12(b)(6) for failure to state a claim, and that such generic defenses must be stricken under Fed. R. Civ. P. Rule 12(f). See Dkt. 22 at pp. 12-17; Dkt. 26 at 3-5; and Dkt. 55 at pp. 2-4, 8-18.

Trend Micro does not contest the law relied upon by the Magistrate-Judge in the Report, and does not contest that its counterclaims and defenses were facially unlimited in scope. Instead, Trend Micro says it intended to limit the counterclaims and defenses to allegations that were set forth in Trend Micro's inequitable conduct defenses. But, contrary to Trend Micro's objections, nothing suggested that the challenged counterclaims and defenses were so limited. In fact, Trend Micro's challenged counterclaims and defenses have no relationship to the inequitable conduct defense, and, thus, the inequitable conduct allegations could not have been incorporated by reference in most, if not all, cases. Moreover, even if the various counterclaims and defenses did encompass the alleged inequitable conduct pleadings, the challenged pleadings were still generic and overbroad, and potentially encompassed an unlimited number of other allegations and issues – all without providing any notice.

Counterclaims and defenses should not be traps by which a defendant can assert generic all-encompassing defenses by title, fail to give proper notice of what is in issue in the case, and then later spring new issues on the basis that they were encompassed within the generic pleadings. The Magistrate-Judge was correct in his rulings.

## II.   Invalidity Counterclaims

Trend Micro asserts that the generic invalidity counterclaims are saved because Trend Micro elsewhere pled an inequitable conduct unenforceability counterclaim.[1]  There are three independently-dispositive problems with Trend Micro's arguments.  First, Trend Micro's arguments do not reflect its actual pleadings.  The totality of Trend Micro's invalidity pleadings is the single uninformative assertion that:

> one or more of the claims of the … Patent are invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 116 thereof, and the rules, regulations, and laws pertaining thereto.

Thus, Trend Micro had asserted invalidity on the basis of five separate sections of the patent code.  Trend Micro has not even attempted to explain how its inequitable conduct pleadings relate to each of §101 (patentable subject matter), §102 (anticipation), §103 (obviousness); §112 (adequacy of disclosure), and §116 (inventorship).  Trend Micro can not do so, because there is

---

[1] The Magistrate-Judge sustained the sufficiency of Trend Micro's inequitable conduct pleadings, which were based on what Trend Micro alleged to have been place on sale by the inventors before the "critical date" of the patent filing.  Trend Micro's allegations were made before any discovery.  Since then, SecurityProfiling has produced all relevant documents, and Trend Micro has subsequently deposed both inventors.  The documents and testimony negate all bases for Trend Micro's inequitable conduct allegations.  SecurityProfiling has advised Trend Micro that it will pursue sanctions pursuant to Fed.R.Civ.P. Rule 11 if Trend Micro repeats or maintains the inequitable conduct allegations, because, in light of subsequent discovery, Trend Micro cannot currently have any reasonable basis for maintaining those allegations., even if Trend Micro could have had such a reasonable basis prior to the discovery.

no relationship at all between these sections of the patent code and inequitable conduct. For example, even if Trend Micro's inequitable conduct allegations were accepted as incorporated into the invalidity pleadings, Trend Micro would still have failed to please sufficient plausible facts to support any of the statutory defenses. Trend Micro's lack of citation to any authority and lack of any analysis of how the inequitable conduct pleadings relate to the statutory defenses is an admission that there is little, if any, relationship between the different legal principles.

Second, inequitable conduct is a non-statutory equitable defense, while invalidity is a statutory legal defense. The standards for finding inequitable conduct differ significantly from the standards for finding any basis for invalidity. Again, Trend Micro's failure to cite any supporting authority or analysis of any alleged commonality of the defenses speaks volumes.

Trend Micro cited several cases at Dkt. 55 p. 3, but Trend Micro fails to explain how any of the cases support its argument, and they do not. In fact, the cases support the Magistrate-Judge's ruling. For example, in the first-cited case, the Court dismissed counterclaims that were more well-developed than Trend Micro's pleadings, stating:

> The three paragraphs that make up the Second Counterclaim, set out above, contain no facts of any kind, let alone sufficient facts to make out a plausible claim. Nor have Harmonix and EA articulated how Paragraph 28's "incorporation by reference" paragraph would otherwise save the counterclaim. Thus, it is clear that the Motion [to dismiss] should be granted on this ground.

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, 2017 WL 239326 at *5-6 (D. Del. 2017).

Third, it is not clear that Trend Micro will maintain its inequitable conduct pleadings, given that subsequent discovery has established that Trend Micro's current pleadings can not be supported in fact or law. See fn. 1, *supra*. Of course, if Trend Micro intends to rest its entire invalidity defense on the outcome of the inequitable conduct defense, that concession should be clearly incorporated in the invalidity counterclaim.

III. **Affirmative Defenses**

A. **Equitable Defenses (Eleventh Defense)**

Trend Micro does not fairly address its Eleventh Defense or the Magistrate-Judge's decision. (Dkt. 52 at pp. 12-15). The Eleventh Defense is not limited to inequitable conduct, and, indeed, the Defense does not mention inequitable conduct. Instead, the Eleventh Defense pleads "the equitable doctrines of waiver, estoppel, claim preclusion, laches, and/or unclean hands." Trend Micro does not attempt to explain how its alleged inequitable conduct pleading can support "waiver, estoppel, claim preclusion, laches," or support the entire body of potential "unclean hands" defenses. No law supports Trend Micro's unfathomable *ipsi dixit* that its inequitable conduct allegations "are equally relevant to its equitable defenses of … waiver, and estoppel," and Trend Micro does not even attempt to suggest that the inequitable conduct pleadings are relevant to the pled defenses of "claim preclusion" and "laches." (Dkt. 52 at p. 4). The Magistrate-Judge's ruling was correct that Trend Micro's generic pleading of multiple titles of various unrelated defenses is insufficient to give notice of the intended defenses.

B. **Failure to State a Claim (First Defense)**

Trend Micro, again, fails to accurately address its First Defense. Trend Micro's entire First Defense was a generic allegation that the "Complaint fails to state a claim against Defendants upon which relief can be granted." (Dkt. 22 at p. 15; Dkt. 52 at p. 11). SecurityProfiling cited authority that this pleading is not a defense, and Trend Micro did not challenge that legal principle. (Dkt. 22 at p. 15; Dkt. 52 at p. 11). The appealed ruling is, thus, correct as a matter of law.

Trend Micro, nevertheless, feigns confusion, because the Magistrate-Judge both struck the 1st Defense and "recommend[ed] that Trend Micro be granted leave to properly plead this defense should it wish to pursue it in this action." There is no inconsistency or basis for

confusion. Trend Micro merely pled the text of Fed.R.Civ.P. Rule 12(b)(6), without any specifics or explanation. Thus, Trend Micro's current pleading is a statement of a Rule 12(b)(6) motion. The established law, unchallenged by Trend Micro, is that a Rule 12(b)(6) motion cannot be pled as a defense.

Trend Micro cites Fed. R. Civ. P. 12(h)(2)(B), which provides that failure to state a claim upon which relief can be granted can be pled in an answer. Trend Micro, however, misses the critical point that Trend Micro had failed to plead any facts or law to support the alleged "failure to state a claim." A motion to dismiss under Rule 12(b)(6) must state facts and/or legal principles that support a dismissal. Rule 12(h)(2)(B) provides that failure to state a claim can be pled in an answer, but that provision is not a loophole by which a party can simply plead the text of the Rule and then argue any legal theory or issue that can arguably be encompassed by the designation "failure to state a claim." If a party has a basis for alleging "failure to state a claim," then that basis must be properly pled. For example, Trend Micro is required to specifically plead "patent eligibility under 35 U.S.C. § 101," and cannot hide that defense by merely alleging "failure to state a claim."

The Report and Recommendation should be adopted.

Dated:  April 18, 2017

Of Counsel:

Sean T. O'Kelly (DE No. 4349)
George Pazuniak DE (No. 478) (Admitted PHV)
Daniel P. Murray (DE No. 5785)
O'Kelly & Ernst, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com
gp@del-iplaw.com
dmurray@oeblegal.com

Thomas F. Meagher
Alan Christopher Pattillo
Meagher Emanuel Laks Goldberg & Liao, LLP
One Palmer Square
Suite 325
Princeton, New Jersey 08542
(609) 454-3500
tmeagher@meagheremanuel.com
cpattillo@meagheremanuel.com

Respectfully submitted,

*/s/ George Pazuniak*
Sean T. O'Kelly (DE No. 4349)
George Pazuniak DE (No. 478) (Admitted PHV)
O'Kelly, Ernst & Joyce, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com
gp@del-iplaw.com

Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Michael D. Ricketts
State Bar No. 24079208
Mickey.Ricketts@BJCIPLaw.com
Buether Joe & Carpenter, LLC
1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:     (214) 466-1272
Facsimile:     (214) 635-1828

*Attorneys for Plaintiff*
*SecurityProfiling, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule CV-5(a) and (c), the undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 18th day of April, 2017. Any other counsel of record will be served by facsimile transmission and first class mail.

> */s/ George Pazuniak*
> George Pazuniak